Hyman, C. J.
The plaintiffs, S. N. Pike and S. N. Pike & Co., complained in their petition that they had been damaged, the former to the extent of $15,000, the latter to the extent of $5,000, by defendants, who. had counterfeited their brand in selling whisky.
They prayed judgment against defendant for the alleged damages.
*363 The Judge rendered judgment, in pursuance to the verdict of a jury against defendants, condemning them to pay S. N. Pike $750, interest and cost, and S. N. Pike & Co. $250, interest and cost.
Defendants are appellants from this judgment.
On the trial, plaintiff offered to prove by Wm. W. Johnson, that defendants proposed to compromise the suit by paying $100, and the lawyers’ -fees.
To the introduction of this evidence defendants objected, on the ground that a proposal for a compromise is not admissible as' evidence against'the' party making such proposal.
The Court overruled defendants’ objection, and admitted the evidence. The defendants reserved the point, in a bill of exceptions.
An offer made to buy peace is not to be taken advantage for the purpose'of evidence, unless some fact or distinct liability be admitted'in the offer; since the offer may have resulted not frbm. the consciousness of indebtedness, but from a desire to avoid'litigation. See 19 La. page ll. .
The Court erred, in admitting the evidence, as no fact nor distinct liability wa's admitted by defendants, in their proposal for a compromise.
The evidence that was properly admitted, satisñes us that the brand, Which defendants counterfeited, for the dishonest purpose of reaping- a profit, by dissembling to the injury of others, was used by S. N. Pike & Co., in selling their whisky—not by S. N.‘ Pike.
That part of the judgment, in favor of S. N. Pike, is,' therefore, erroneous.
The exact extent of damage done by defendants, by their nefarious acts to S.‘ N. Pike & Co., is not shown by the evidence; but, in cases like this, the láw-maker has merely, left a discretion in the Judge or jury to assess damages, without proof of their exact amount. Civil Code 1928, § 3.
The assessment of damages, by the jury in favor of S. N. Pike & Co., we see no reason to disturb.
Let that part of the judgment of the District Court that condemns defendants to pay S. N. Pike $750, with ñve per cent, interest, from the date of the judgment, and cost of suit be reversed, and let that part of the judgment which condemns the defendants to pay S. N. Pike & Co. $250; with five per cent, interest, from the date of the judgment, and cost of suit, be affirmed.